UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARY L. KENNEDY, <br> TDCJ No. 02080519, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | CIVIL NO. SA-22-CA-0672-XR |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Gary L. Kennedy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 18). In his § 2254 petition, Petitioner challenges the constitutionality of his 2016 state court conviction for animal cruelty, arguing (1) his trial counsel rendered ineffective assistance by failing to allow Petitioner to review two video recordings prior to pleading guilty, (2) he was denied his right to appeal due to his appellate counsel's failure to file an amended certification, and (3) his trial counsel was ineffective for failing to conduct a meaningful investigation. In response, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Procedural History

In June 2016, Petitioner plead guilty to one count of cruelty to non-livestock animals (habitual) and was sentenced to fifteen years of imprisonment. *State v. Kennedy*, No. 2014CR7948 (227th Dist. Ct., Bexar Cnty., Tex. June 27, 2016) (ECF No. 19-4 at 82-83).[1] The Fourth Court of Appeals dismissed Petitioner's subsequent appeal because he waived the right to appeal as part of the plea bargain agreement. *Kennedy v. State*, No. 04-16-00673-CR, 2016 WL 6994001 (Tex. App.—San Antonio, Nov. 30, 2016) (ECF No. 19-6). Petitioner was later granted permission to file an out-of-time petition for discretionary review (PDR), which was ultimately refused by the Texas Court of Criminal Appeals on April 11, 2018. *Ex parte Kennedy*, Nos. 72,382-04, -05 (Tex. Crim. App.) (ECF No. 20-26); *Kennedy v. State*, No. PD-0142-18 (Tex. Crim. App.) (ECF No. 19-26).

On May 12, 2020, Petitioner challenged the constitutionality of his state court conviction by filing a state application for habeas corpus relief. *Ex parte Kennedy*, No. 72,382-07 (Tex. Crim. App.) (ECF No. 21-31 at 4-21). The Texas Court of Criminal Appeals ultimately denied the application without written order on March 10, 2021. (ECF No. 21-28). Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on June 10, 2022. (ECF No. 1 at 15).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

---

[1] On the same day, Petitioner also plead guilty to failing to register as a sex offender and was again sentenced to fifteen years of imprisonment, with the sentences to run concurrently. *State v. Kennedy*, No. 2015CR3877 (227th Dist. Ct., Bexar Cnty., Tex. June 27, 2016) (ECF No. 19-15 at 73-74). While the instant federal petition mentions this conviction on the first page, it does not appear that Petitioner is challenging his conviction in cause number 2015CR3877 in this proceeding. Thus, the Court's opinion will address only Petitioner's challenge to his conviction in cause number No. 2014CR7948.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final July 10, 2018, ninety days after the Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review").

As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying state court conviction expired a year later on July 10, 2019. Because Petitioner did not file his § 2254 petition until June 10, 2022—almost three years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

A.   **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State

3

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." While petitioner challenged the instant conviction by filing an application for state post-conviction relief in May 2020, Petitioner's limitations period for filing a federal petition had already expired the year before on July 10, 2019. Because the state habeas application filed by Petitioner was filed after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). As such, the instant § 2254 petition, filed June 10, 2022, is still almost three years too late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's assertion of the statute of limitations, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case. In his § 2254 petition, Petitioner cites the Supreme Court cases of *Martinez v. Ryan*[2] and *Trevino v. Thaler*[3] and argues he should be excused from the statute of limitations because his claims of

---

[2]     566 U.S. 1 (2012).

[2]     569 U.S. 413 (2013).

ineffective assistance of counsel are substantial, and he was not afforded counsel during his state habeas proceedings. (ECF No. 1 at 13-14). But *Martinez* and *Trevino* addressed exceptions to the procedural default rule—they do not apply to the statute of limitations. *See Trevino*, 569 U.S. at 429 (holding the Texas bar on subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.") (citing *Martinez*, 566 U.S. at 17).[4] Thus neither case provides a basis for tolling.

Petitioner also contends that tolling is warranted due to his ignorance of the law. But it is well-established that a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Finally, Petitioner cites the ongoing problems his prison unit had because of the COVID-19 pandemic as a basis for equitable tolling. (ECF No. 1 at 33). According to Petitioner, the intermittent lockdowns made it difficult to visit the prison library or access legal resources in order to adequately challenge his conviction. However, courts in this district have repeatedly found that delays caused by intermittent lockdowns do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from actually filing a petition. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (unpublished) (finding a temporary

---

[4] *See also, e.g., Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Cathcart v. Davis*, 2019 WL 1318364, at *3 (N.D. Tex. Mar. 8, 2019), *report and recommendation adopted*, 2019 WL 1316031 (N.D. Tex. Mar. 22, 2019) (concluding that *Martinez* and *Trevino* address procedural default rather than the limitations period and do not support a petitioner's claim for equitable tolling).

denial of access to research materials or the law library and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling); *White v. Director*, TDCJ-CID, No. 6:19-cv-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted*, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021) (finding diminished library access did not "actually prevent" petitioner from filing and thus was not constitute an extraordinary circumstance).[5]

In this case, Petitioner similarly presents no evidence that any intermittent lockdowns "actually prevented" him from filing a state or federal petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). "Absent evidence in the record," however, this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Indeed, Petitioner does not contend that he was prevented from filing a petition, but rather argues that the sporadic lockdowns made it difficult to comply with the time limits. But as discussed by the numerous cases cited above, delays in accessing library materials do not constitute an "extraordinary circumstance" that ultimately prevent a petitioner from filing a timely federal petition.

Moreover, during the COVID-19 pandemic, other courts have found that prisoners are not entitled to tolling if there is no evidence they diligently pursued their right to file a petition prior

---

[5] *See also United States v. Pizarro,* No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, 3:10-cr-345, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented Defendant from filing § 2255 motion); *Sheppard v. Stephens*, No. 5:16-cv-426, 2016 WL 4276292, at *2 (W.D. Tex. May 26, 2016); *Harrison v. Stephens*, No. H-14-2991, 2015 WL 3507888, at *3 (S.D. Tex. June 3, 2015) (petitioner failed to explain why the security lockdowns constitute "extraordinary circumstances" or show that he diligently pursued his rights during the remaining portion of the limitations period).

to the lockdowns. *See*, *e.g.*, *United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."); *United States v. Mayfield*, No. 4:16-CR-3077, 2020 WL 1663582, at *1 (D. Neb. Apr. 3, 2020) (holding that when, "as a result of the COVID-19 pandemic, his access to the law library has been limited, preventing him from completing his motion," equitable tolling would only be appropriate if the motion "was diligently pursued").

Petitioner fails to establish that he diligently pursued his right to file the instant § 2254 petition prior to the COVID-19 pandemic. As discussed previously, Petitioner's limitations period expired in July 2019, well before COVID-19 measures began to take effect in or around March 2020. Because Petitioner's limitations period took place entirely before the initiation of any COVID-19 protocols, his arguments regarding intermittent COVID-19 lockdowns do little to explain why he could not have worked on and filed the instant federal petition earlier.

Furthermore, each of the allegations in Petitioner's federal petition concern the constitutionality of his June 2016 conviction, yet Petitioner did not submit his state habeas corpus application challenging this conviction until May 2020, ten months after the conviction became final under the AEDPA's statute of limitations. This delay also weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited another fifteen months after the Texas Court of Criminal Appeals denied his state habeas application in March 2021 before filing the instant federal petition in this Court.

Consequently, even with the benefit of liberal construction, Petitioner is not entitled to the application of equitable tolling because he has not demonstrated that he has been pursuing his rights diligently, much less that "extraordinary circumstances" prevented his timely filing. Because Petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,*

529 U.S. at 484). A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner missed the filing deadline by nearly three years and provided no reasonable justification for the application of tolling. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. A COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 18) is **GRANTED**;

2. Federal habeas corpus relief is **DENIED** and Petitioner Gary L. Kennedy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

**SIGNED this the 23rd day of January, 2023.**

_____
XAVIER RODRIGUEZ
United States District Judge